1  C. Robert Boldt (State Bar No. 180136)
   robert.boldt@kirkland.com
2  R.C. Harlan (State Bar No. 234279)
   rc.harlan@kirland.com
3  KIRKLAND & ELLIS LLP
   777 South Figueroa Street
4  Los Angeles, California  90017
   Telephone:  (213) 680-8400
5  Facsimile:   (213) 680-8500

6  Attorneys for Defendants
   TEVA PHARMACEUTICALS USA, INC., and
7  TEVA PARENTERAL MEDICINES INC.

8  (Additional Counsel for Defendants
   listed on the signature page)
9

10

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13

14  LAURA KELLY, individually and on          )  CASE NO. _____
    behalf of all others similarly situated,  )
15                                            )  Removed from the Superior Court for the
              Plaintiff,                       )  County of Los Angeles,
16                                            )  State of California,
         vs.                                   )  Case No. BC414812
17                                            )
    TEVA PHARMACEUTICAL                        )  **DEFENDANTS TEVA**
18  INDUSTRIES LTD., an Israel Business        )  **PHARMACEUTICALS USA, INC.,**
    Entity, TEVA PHARMACEUTICALS              )  **TEVA PARENTERAL MEDICINES,**
19  USA, INC., a Delaware Corporation,         )  **INC., IMPAX LABORATORIES,**
    TEVA PARENTERAL MEDICINES,                )  **INC., AND ANCHEN**
20  INC., a Delaware Corporation, IMPAX        )  **PHARMACEUTICALS, INC.'S**
    LABORATORIES, INC., a Delaware            )  **NOTICE OF REMOVAL**
21  Corporation, ANCHEN                        )
    PHARMACEUTICALS, INC., a                   )
22  California Corporation, and DOES 1-500,    )
    inclusive,                                 )
23              Defendants.                    )

24

25              **NOTICE OF REMOVAL**

26        Pursuant to 28 U.S.C. §§ 1332 and 1453, defendants TEVA

27  PHARMACEUTICALS USA, INC., TEVA PARENTERAL MEDICINES, INC.,

28  IMPAX LABORATORIES, INC., AND ANCHEN PHARMACEUTICALS, INC.

-1-
NOTICE OF REMOVAL

1   (collectively, "defendants"), hereby notice the removal to this Honorable Court of

2   Case No. BC414812 from the Superior Court for the County of Los Angeles,

3   California.  In support of this Notice, the removing defendants state as follows:

### Procedural History

4

5          1.      On May 29, 2009, plaintiff Laura Kelly filed a complaint against

6   defendants in the Superior Court for the County of Los Angeles, California (the

7

8   "Complaint" or "Compl.").  In accordance with 28 U.S.C. § 1446(a), copies of all

9   process, pleadings, and orders served upon the removing Defendants in the state court

10  action, Case No. BC414812, are attached hereto as Exhibit A, including the

11

12  Complaint.

13         2.      The County of Los Angeles is within the Central District of

14  California.

15

16         3.      This removal has been timely filed within thirty (30) days of

17  service upon the defendants of the complaint and summons.  Teva Pharmaceuticals

18  Industries, Ltd. (an Israeli corporation) has not been served.  Teva Pharmaceuticals

19

20  USA, Inc., and Teva Parenteral Medicines, Inc. accepted service as of June 29, 2009.

21  Impax Laboratories, Inc. accepted service as of July 2, 2009.  Anchen

22

23  Pharmaceuticals, Inc. accepted service as of July 7, 2009.

### Statutory and Regulatory Background

24

25         4.      The Complaint concerns a generic anti-depressant pharmaceutical

26  product named "Budeprion XL."  Compl. ¶¶ 19-43.

27

28         5.      As modified by the Drug Price Competition and Patent Restoration

Act of 1984 (the "Hatch-Waxman Act"), the Food, Drug, and Cosmetic Act (the "FDCA" or "statute") establishes the procedure for obtaining approval to market pharmaceutical products, including generic versions of those products, in the United States. *See* 21 U.S.C. § 355.

6.     The United States Food and Drug Administration ("FDA") regulates the approval of generic pharmaceutical products. *See id.* § 355(j).

7.     In order for a generic pharmaceutical to be approved by the FDA, the FDA must find that it is bioequivalent to a brand name drug that FDA has previously approved as safe and effective. *Id.*

8.     Under federal law and regulations, an approved generic drug is required to use "the same" labeling as its reference listed, brand-name drug. 21 U.S.C. § 355(j); *see also* 21 C.F.R. § 314.150(b)(10).

9.     The FDA approved Budeprion XL as a generic version of Wellbutrin XL.

### Class Action Fairness Act

10.     The Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), which in relevant part states:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a

-3-
NOTICE OF REMOVAL

citizen of a State; or

(C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2); *see also* 28 U.S.C. § 1453 ("Removal of class action").

11.   In multiple courts across the country, counsel for plaintiff have filed complaints virtually identical to the instant Complaint, except that they involve alleged classes consisting of residents from different states.  Two such complaints have been filed in federal court, one in the Eastern District of Pennsylvania (*Rosenfeld v. Teva Pharmaceuticals USA, Inc. et al.*, No. 2-09CV2811) and the other in the Northern District of Texas (*Anderson v. Teva Pharmaceuticals USA, Inc.*, No. 3-09CV1200-M).  The *Rosenfeld* and *Anderson* complaints allege that there is federal jurisdiction under CAFA.  *Rosenfeld* Compl. ¶ 6 and *Anderson* Compl. ¶ 6.[1]

12.   Pursuant to 28 U.S.C. § 1332(d)(2)(A), there is minimum diversity as required under CAFA.  The plaintiff is diverse from at least one defendant.

13.   Plaintiff Laura Kelly resides in California.  *See* Compl. ¶ 9. Defendant Teva Pharmaceuticals USA, Inc. is a Delaware corporation with its principal place of business in Pennsylvania.  *Id.* ¶ 11.

14.   The Complaint is a putative class action (*id.* ¶¶ 44-53), and the size

---

[1]   The other two complaints were filed in Louisiana and North Carolina, both of which were subsequently removed to federal court on diversity and CAFA grounds.

NOTICE OF REMOVAL

of the proposed plaintiff class exceeds 100 members.[2]  *See* 28 U.S.C. § 1332(d)(5).

15.    The aggregated claims of the individual putative class members exceed $5,000,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(6). Although the Complaint does not specify the amount of damages it seeks, it includes allegations that seek more than $5 million.  In particular, on behalf of an alleged class — consisting of "all California residents that used, purchased, paid-for (in whole or in part), or reimbursed for purchases of bupropion hydrochloride under the trade name Budeprion XL" (Compl. ¶ 45) — plaintiff seeks "restitution" of any and all money or property paid by that plaintiff and class members for the purchase or reimbursement of purchase for Budeprion XL.  *Id.* ¶ 100(c).  But for alleged misrepresentations and omissions about the bioequivalence of Budeprion XL, plaintiff alleges that such money would not have been paid to purchase Budeprion XL.  *Id.* ¶¶ 42-43.

16.    Paragraph 35 of the Complaint alleges that by the end of 2007 there were 400,000 Budeprion XL prescriptions written per month nationwide.  *Id.* ¶ 35.  The price for each prescription of 30 tablets (a month's supply) exceeds $129, and California represents approximately 12% of the national population.[3]  Based on plaintiff's allegations and these estimates, the alleged amount in controversy for a

---

2    The complaint alleges 400,000 prescriptions per month nationwide, and California residents account for approximately 12% of the nation's population.  As such, plaintiff's putative class could consist of approximately 48,000 California residents.  *See* http://quickfacts.census.gov/qfd/states/06000.html.

3    *See* http://www.drugstore.com/pharmacy/prices/drugprice.asp?ndc=00093535156&trx=1Z5006 and http://quickfacts.census.gov/qfd/states/06000.html.

NOTICE OF REMOVAL

one-month period could be approximately $6.2 million for all California class members.[4]  Plaintiff does not allege how long she has used Budeprion XL, but even assuming she has only purchased a single month's supply and she is representative of the putative class, CAFA's minimum jurisdictional amount of $5 million is met.

17.     In addition, as noted above in paragraph 11, in multiple courts across the country, counsel for plaintiff have filed complaints virtually identical to the instant Complaint, except that they involve alleged classes consisting of residents from different states.  In two of those complaints, the plaintiffs specifically allege that the amount in controversy exceeds $5 million.  *See Rosenfeld* Compl. ¶ 6a. ("Plaintiffs seek damages in excess of $5,000,000.00 [for an alleged Pennsylvania-only class]."); *see also Anderson* Compl. ¶ 6 (". . . the matter in controversy [regarding an alleged Texas-only class] exceeds the sum or value of $5,000,000.00 exclusive of interest and costs…").

18.     The alleged principal injuries, moreover, are not specific to California, but instead allegedly occurred in jurisdictions across the nation, including Louisiana, North Carolina, Pennsylvania, and Texas, where plaintiff's counsel has filed similar complaints alleging the same type of injuries as alleged in the Complaint.

*          *          *

---

[4]   Defendants do not endorse or agree that such a calculation would be a proper damages methodology; rather it is a rough estimate of the amount in controversy based on plaintiff's alleged theories.

1        19.    Pursuant to 28 U.S.C. § 1446(d), defendants shall promptly file a

2   copy of this Notice of Removal with the Clerk of the Superior Court for the County of

3   Los Angeles, California.

4        WHEREFORE, defendants give notice that the above-described action

5   against them in the Superior Court for the County of Los Angeles, California, is

6   removed to this Honorable Court.

7   DATED:  July 22, 2009           Respectfully Submitted,

8                          KIRKLAND & ELLIS LLP

9                          By:

10                         C. Robert Boldt

11                         R.C. Harlan
                         KIRKLAND & ELLIS LLP

12                         777 South Figueroa Street
                       Los Angeles, California  90017

13                         Telephone:  (213) 680-8400
                       Facsimile:  (213) 680-8500

14

15                         *Attorneys for Defendants Teva*
*Pharmaceuticals USA, Inc. and*
*Teva Parenteral Medicines Inc.*

16

17                         W. Gordon Dobie, Esq.
                       Kurt Mathas, Esq.

18                         **Winston & Strawn LLP**
                       35 West Wacker Drive

19                         Chicago, IL 60601-9703
                       Telephone:  312-558-5600

20                         Facsimile:  312-558-5700
                       E-mail:  wdobie@winston.com

21                         E-mail:  kmathas@winston.com

22                         *Attorneys for Anchen Pharmaceuticals, Inc.*

23                         Paula L. Blizzard, Esq.
                       **Keker & Van Nest**

24                         710 Sansome Street
                       San Francisco, CA 94111

25                         Telephone:  415-391-5400
                       Facsimile:  415-397-7188

26                         E-mail:  pblizzard@kvn.com

27                         *Attorney for Impax Laboratories, Inc*

28

NOTICE OF REMOVAL

BLUEBIRDonline.com (858) 474-0700

Exhibit A

1   **MILSTEIN, ADELMAN & KREGER, LLP**
    Wayne S. Kreger, State Bar No. 154759
2   wkreger@maklawyers.com
    Gillian L. Wade, State Bar No. 229124
3   gwade@maklawyers.com
    2800 Donald Douglas Loop North
4   Santa Monica, California 90405
    Telephone: (310) 396-9600
5   Fax: (310) 396-9635

6   **KANNER & WHITELEY, L.L.C.**
    Allan Kanner, Esq. (CA Bar No. 109512)
7   Conlee S. Whiteley, Esq. (LA Bar No. 22678)
    M. Ryan Casey (LA Bar No. 31092)
8   701 Camp Street
    New Orleans, LA 70130
9   Telephone (504) 524-5777
    Facsimile (504) 524-5763

10

    Attorneys for Plaintiffs,
11  Laura Kelly and the Proposed Class

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 29 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

12          **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

13                  **FOR THE COUNTY OF LOS ANGELES**

14

15  LAURA KELLY, individually and on behalf of all       CASE NO.:    **BC 4 1 4 8 1 2**
    others similarly situated,
16                                                        CLASS ACTION
                        Plaintiff,
17                                                        1.   Violations of the Unfair Competition
        vs.                                                    Act [Bus. & Prof. Code § 17200 et
18                                                             seq.];
    TEVA PHARMACEUTICALS                                  2.   Violations of the Unfair Business
19  INDUSTRIES LTD, an Israel Business Entity,                 Practices Act [Bus. & Prof. Code §
    TEVA PHARMACEUTICALS USA, INC., a                          17500 et seq.];
20  Delaware Corporation, TEVA PARENTERAL                 3.   Violations of the Consumer Legal
    MEDICINES INC., a Delaware Corporation,                    Remedies Act [Civ. Code § 1750 et
21  IMPAX LABORATORIES, INC., a Delaware                       seq.];
    Corporation, ANCHEN PHARMACEUTICALS,                  4.   Negligence [Civ. Code § 1714];
22  INC., a California Corporation, and DOES 1-500,       5.   Constructive Fraud [Civ. Code § 1573];
    inclusive,
23

24                      Defendants.

25                                                        DEMAND FOR JURY TRIAL

26

27

28                                                        CLASS ACTION COMPLAINT

Plaintiff LAURA KELLY, individually and on behalf of all others similarly situated (the "Class"), hereby complains against Defendants TEVA PHARMACEUTICALS INDUSTRIES LTD. ("TPI"), TEVA PHARMACEUTICALS USA, INC. ("TVU"), TEVA PARENTERAL MEDICINES INC. ("TPM") , IMPAX LABORATORIES, INC. ("Impax"), ANCHEN PHARMACEUTICALS, INC. ("Anchen") (sometimes collectively referred to herein as "Defendants"), for unlawful and deceptive business practices in violation of the California Unfair Competition Act (Cal. Bus. & Prof. Code § 17200 et seq.), Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17500 et seq.), and Consumer Legal Remedies Act (Cal. Civ. Code § 1750 et seq.) and the common law, and says:

## I.   NATURE OF THE ACTION

1.      This is a class action for injunctive relief and restitution against Defendants for false and misleading business practices concerning its product "Budeprion XL." Budeprion XL is a generic drug used for the treatment of depressive symptoms.

2.      Defendants represent that Budeprion XL is equivalent, in all respects, to a prescription product named "Wellbutrin XL." Indeed, on the Teva website, located at www.tevapharm.com, Teva expressly states that Budeprion XL is the exact equivalent of Wellbutrin XL. It is not, in several important respects.

3.      It is scientifically proven that Budeprion XL contains an inferior delivery mechanism to that contained in Wellbutrin XL. That inferior delivery mechanism results in a much more rapid, and potentially harmful, release of Budeprion XL's key ingredient to end use consumers. The result is that Budeprion XL is less effective in treating depression and, indeed, is much more likely to cause certain dangerous side effects, as compared to Wellbutrin XL.

4.      Plaintiff thus respectfully asks that the Court: (a) enjoin and restrain Defendants from the wrongful acts and practices described herein; (b) award restitution in the amount that was paid for the Plaintiffs' prescriptions, plus interest; (c) order disgorgement relief as appropriate; and (d) award all other costs, including attorneys' fees, available under state law.

Milstein, Adelman & Kreger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

CLASS ACTION COMPLAINT

## II.    JURISDICTION

5.      Jurisdiction over this proceeding in California State court is pursuant to Article VI, section 10 of the California Constitution, which grants the state Superior Court "original jurisdiction in all causes except those given by statute to other trial courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

6.      Pursuant to California Code of Civil Procedure section 395, venue is proper in this judicial district, as Plaintiff is a resident of Los Angeles County and the events giving rise to this action occurred within this County.

7.      The California Superior Court has jurisdiction over all Defendants because, based on information and belief, Defendants are California citizens, legal entities organized under the laws of the State of California, foreign entities authorized to do business in California and registered with the California Secretary of State, entities having sufficient minimum contacts with California, or entities that have otherwise intentionally availed themselves of the California market so as to render the exercise of jurisdiction over it by the California court consistent with traditional notions of fair play and substantial justice.

8.      Furthermore, Defendants have purposefully availed themselves of the benefits and protections of the laws within the State of California and within Los Angeles County, having sufficient contacts such that the exercise of jurisdiction would be consistent with traditional notions of fair play and substantial justice.

## III.    THE PARTIES

9.      Plaintiff Laura Kelly ("Plaintiff") is a resident of the State of California, County of Los Angeles. Kelly suffers from a depressive symptoms. She utilizes Budeprion XL, to treat her depressive symptoms.

10.     Defendant TEVA PHARMACEUTICALS INDUSTRIES LTD. ("TPI") is a company incorporated and headquartered in the state of Israel. TPI on its own and/or through its subsidiaries regularly conducts business within the State of California and derives substantial revenues from goods consumed in California.

Milstein, Adelman & Kroger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

2

Milstein, Adelman & Kreger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1    11.    Defendant TEVA PHARMACEUTICALS USA, INC. ("TVU") is a Delaware

2    corporation, with its principal place of business at 1090 Horsham Road, North Wales, Pennsylvania,

3    and is a wholly owned subsidiary of TPI.  TVU regularly conducts business within the State of

4    California and derives substantial revenues from goods consumed in California.

5    12.    Defendant TEVA PARENTERAL MEDICINES INC. ("TPM") is a Delaware

6    corporation with its principal place of business at 19 Hughes, Irvine, California, and is a wholly

7    owned subsidiary of TVU.

8    13.    TPI, TVU, and TPM will hereinafter be referred to collectively as "Teva".  At all

9    times relevant to the matters alleged in this Complaint, each Teva Defendant acted as the agent of

10   each other Defendant, within the course and scope of such agency, regarding the acts and omissions

11   alleged.

12   14.    Defendant IMPAX LABORATORIES, INC. ("Impax") is a Delaware corporation

13   with its principal place of business at 30831 Huntwood Avenue, Hayward, California.   Impax

14   regularly conducts business within the State of California and derives substantial revenues from

15   goods consumed in California.

16   15.    Defendant ANCHEN PHARMACEUTICALS, INC. ("Anchen") is a California

17   corporation with its principal place of business at 9601 Jeronimo Road, Irvine, California.

18   16.    Defendants are in the business of designing, manufacturing, marketing, distributing,

19   selling, and/or otherwise placing Budeprion XL in the stream of commerce.

20   17.    The true names and capacities, whether individual, corporate, associate, or otherwise,

21   of Defendants named herein as DOES 1 through 500, and each of them are unknown to Plaintiff who

22   therefore sues said Defendants by such fictitious names.

23   18.    Plaintiffs will ask leave to amend this Complaint to state said Defendants' true

24   identities and capacities when the same have been ascertained.

25

26

27

28

3                              CLASS ACTION COMPLAINT

## IV.   FACTUAL ALLEGATIONS

19.   Plaintiffs repeat and re-allege the allegations contained in preceding paragraphs, as if fully set forth herein.  Bupropion hydrochloride ("Bupropion") is an antidepressant that acts as a norepinephrine and dopamine reuptake inhibitor.

20.   One of the major dangers associated with bupropion is the increased risk of seizures, especially at doses over 150-mg.

21.   While still under patent, Bupropion was manufactured and/or distributed by GlaxoSmithKline Corporation ("GSK") under the trade name Wellbutrin.

23.   In 2003, GSK introduced a once-a-day sustained release formulation of bupropion hydrochloride which it named Wellbutrin XL.

24.   Wellbutrin XL was and is prescribed for conditions including depression, major depressive disorder, seasonal affective disorder, and Selective Serotonin Reuptake Inhibitor ("SSRI")-induced sexual dysfunction.

25.   From 2004-2007, TVU, Impax, and Anchen, sought U.S. Food and Drug Administration ("FDA") approval to market a Wellbutrin XL generic pill in the 150-mg and 300-mg formulations.

26.   Anchen filed the first generic applicant to file an Abbreviated New Drug Application, and was granted 180 days exclusively to market the drug.

27.   Upon information and belief, Anchen chose not to launch its generic product at its own risk, instead transferring its exclusivity rights to Impax, who in turn provided Teva with U.S. marketing rights to Impax's version of the drug.  Teva in return remitted a percentage of its profits to Anchen and Impax.

28.   Since the expiration of the 180-day exclusivity period, Plaintiffs are informed and believe that Defendants have manufactured, distributed, licensed, sold and/or have profit sharing agreements for the sale of a generic version of Wellbutrin XL with the trade name "Budeprion XL" throughout the United States including California.

Milstein, Adelman & Kreger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

CLASS ACTION COMPLAINT

Milstein, Adelman & Kreger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

29.     Defendants manufactured, distributed, marketed, have profit-sharing agreements, and/or sold Budeprion XL in both the 150-mg and 300-mg formulations.  Defendants have done so despite the fact that they have not done any significant research on Budeprion XL 300 mg, and specifically on whether it was truly "bioequivalent" to Wellbutrin XL 300 mg.

30.     Defendants were aware at least in or around 2006 and continue to be aware that the rates at which bupropion hydrochloride, which carries a significant danger of seizures with overdosing,  is released in the blood stream differs dramatically between Wellbutrin XL/non-Budeprion generic versions and Budeprion XL.

31.     Studies reveal that Budeprion XL releases more than four times as much bupropion hydrochloride in the first two hours after ingestion when compared with Wellbutrin XL or non-Budeprion generic alternatives, dramatically affecting the "extended release" effect that is the goal of the extended release version of Wellbutrin.  Patients on Budeprion XL are at greater risk for overdose and/or withdraw like symptoms.

32.     Defendants were aware and continue to be aware of this fact, as well as the health risks that this situation creates for individuals on the drug.

33.     Shortly after Budeprion XL's introduction into the marketplace, there were widespread reports of individuals suffering symptoms which they had not previously suffered on either Wellbutrin XL or the non-Budeprion generic alternatives to Wellbutrin XL; including but not limited to severe depression, panic attacks, mood swings, anxiety, nausea, insomnia, suicidal tendencies, and seizures.

34.     Plaintiffs are informed and believe that Defendants were aware that Budeprion XL was less effective than Wellbutrin XL and/or non-Budeprion XL generic alternatives; and in some cases extremely dangerous.

35.     By the end of 2007, approximately 400,000 prescriptions per month were being dispensed for Budeprion XL in the United States, or 40% of prescriptions of all XL versions of bupropion hydrochloride.

37.     Defendants failed to disclose that Budeprion XL had a different release formula resulting in different release rates than Wellbutrin XL.

38.     Defendants also failed to disclose that the varying release rate decreased the likelihood of the medication's effectiveness.

39.     Defendants further failed to disclose the risks involved with Budeprion XL as opposed to Wellbutrin XL or other non-Budeprion XL generic alternatives.

40.     Defendants continued to represent to Plaintiffs and the Class that Wellbutrin XL and Budeprion XL were the same medication, a false representation.

41.     All of the fraudulent and/or negligent conduct by Defendants alleged herein occurred at the direction, control, and supervision of officers, directors, employees and/or agents of Defendants.

42.     But for Defendants' failure to disclose, Plaintiffs and the Class would not have purchased and/or used Budeprion XL.  As such, Plaintiffs and the Class have suffered injury in fact.

43.     Plaintiffs and the Class would not have purchased and/or used Budeprion XL had they known of its inherent defects, decreased likelihood of effectiveness, and potential for serious side effects.

## V.     CLASS ALLEGATIONS

44 .    Plaintiffs repeat and re-alleges the allegations contained in the preceding paragraphs, as if fully set forth herein.

45.     Plaintiffs bring this action individually and on behalf of the Class, defined as follows:

"All California residents that used, purchased, paid-for (in whole or in part), or reimbursed for purchases of bupropion hydrochloride under the trade name Budeprion XL."

Excluded from the Class are Defendants, any parent, subsidiary or affiliate of Defendants, and its officers, directors, and employees, who are or have been employed by Defendant, and any judicial officer who may preside over this cause of action.

46.     This class action will lie under California Code of Civil Procedure § 382.

Milstein, Adelman & Kreger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

6

CLASS ACTION COMPLAINT

Milstein, Adelman & Kreger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1    47.    Plaintiffs expressly disclaim any intent to seek in this suit any recovery for personal

2    injuries that have been suffered by any Class Member.  However, Plaintiffs and Members of the

3    Class are seeking recovery for reimbursement of funds expended to purchase Budeprion XL.

4    48.    Numerosity:  The Members of the Class are so numerous that joinder of all Members

5    is impracticable.  Although the precise number of Class Members is unknown to Plaintiff at this time

6    and can be ascertained only through appropriate discovery, Plaintiff is informed and believe that

7    many thousands of California individuals used and/or paid for Budeprion XL.

8    49.    Commonality and Typicality: This suit poses questions of law or fact which are

9    common to and affect the rights of all Members of the Class.  Plaintiff's claims are typical of the

10   claims of other Members of the Class.  The harm suffered by Plaintiff and all other Class Members

11   arises from and was caused by the same conduct of Defendants, and each of them.  Specifically, the

12   design, manufacture, marketing, distribution, and/or sale of Budeprion XL as referenced above,

13   without proper information regarding the defective release rate.  Moreover, Defendants' deceitful

14   misrepresentations of Budeprion XL as being identical to Wellbutrin XL has affected the Members

15   of the Class in similar ways.  Members of the Class have sustained damages as a direct result of the

16   wrongful conduct described in the Complaint.

17   50.    Adequacy of Representation: Plaintiff will fairly and adequately represent and protect

18   the interests of the Members of the Class. Plaintiff has retained competent counsel, and intend to

19   diligently and vigorously prosecute the claims alleged herein.

20   51.    Superiority of Class Action: A Class action is the best method to fairly and

21   efficiently adjudicate the controversy between the parties in light of the fact that:

22        (a)    Common questions of law and fact predominate over individual questions that

23               may arise, such that there would be enormous economies to the Courts and the

24               parties in litigating the common issues on a classwide instead of a repetitive

25               basis;

26

27

28

7                                    CLASS ACTION COMPLAINT

(b)     A class action is required for optimal deterrence and compensation and for limiting the court awarded reasonable legal expenses incurred by Class Members;

(c)     Should individual Class Members be required to bring separate actions, courts throughout California would be confronted with a multiplicity of lawsuits, thus burdening the Court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case by case basis, in which inconsistent results would magnify the delay and expense to all parties and the court system, this class action will present far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court; and

(d)     The identities of potential Class Members can be easily ascertained from Defendant's books and records and/or through pharmacy records.

52.     Class certification is also proper because Defendants have acted or refused to act on grounds generally applicable to the class, making class action certification appropriate.

53.     Predominance of Common Questions of Law and Fact: Common questions of law and fact predominate for all Class Members over any issues that are particular to any individual Member of the Class.  The questions of law and fact common to the Class include, but are not limited to:

(a)     Whether Defendants fraudulently misrepresented facts regarding the decreased effectiveness and increased risks of certain side effects of Budeprion XL when compared to Wellbutrin XL and other non-Budeprion XL generic alternatives;

(b)     Whether Defendants fraudulently induced the sale of Budeprion XL withholding material information or otherwise defrauded the Plaintiff and the class;

Milstein, Adelman & Kreger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

8                                    CLASS ACTION COMPLAINT

Milstein, Adelman & Kreger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

(c)   Whether Defendants manufactured, distributed, marketed, or sold Budeprion XL;

(d)   Whether Budeprion XL releases bupropion hydrochloride at a different rate than Wellbutrin XL or other non-Budeprion XL generic alternatives;

(e)   Whether Defendants affirmatively concealed from their customers the defects and risk potential existing in Budeprion XL as opposed to Wellbutrin XL and/or non-Budeprion XL generic alternatives;

(f)   Whether Defendants engaged in unfair and misleading business practices in violation of statutory consumer protection laws to the detriment of Plaintiff and the Class;

(g)   Whether Plaintiff and the Class have sustained damages and the proper measure of those damages; and

## FIRST CAUSE OF ACTION

### (Violations of the Unfair Competition Act as against Defendants)

54 .   Plaintiffs repeat and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

55.   Plaintiffs bring this claim under the Unfair Competition Act (Section 17200 et seq. of the Cal. Bus. & Prof. Code), individually and on behalf of the Class of individuals that purchased Budeprion XL, based upon Defendants' pattern of unlawful, unfair and fraudulent business practices, as alleged above.

56.   Defendants engaged in a pattern and practice of advertising, marketing and promoting Budeprion XL, which included intentional and willful fraud and deception regarding the decreased effectiveness and increased risks of certain side effects alleged herein when compared to Wellbutrin XL and other generic alternatives.

57.   Defendants intentionally deceived the consuming public (as well as Defendant's competitors), concealing from Plaintiff and the Class (as well as their physicians or those physicians advising third party payers) the dangerous propensities of Budeprion XL's defective release

9                          CLASS ACTION COMPLAINT

Milstein, Adelman & Kreger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1    mechanism, particularly the fact that Budeprion XL presented an elevated risk of overdose-like

2    symptoms alleged herein followed by withdraw symptoms alleged herein. Furthermore, Defendants'

3    claims in their advertising, marketing, and sales of Budeprion XL were knowingly and intentionally

4    deceptive and fraudulent, as Budeprion XL is less effective and presents greater risks than

5    Wellbutrin XL, as alleged herein.

6         58.     Defendants knowingly and intentionally deceived physicians treating the Plaintiffs

7    and Class Members by representing that its product was as equally effective and risky as Wellbutrin

8    XL, when in fact this was not the case.

9         59.     As manufacturers, distributors, marketers, and/or sellers of Budeprion XL,

10   Defendants had a duty to warn physicians (including Plaintiffs' physicians), Plaintiff, Class

11   Members, and members of the general public of the dangers associated with the release rates of

12   Budeprion XL.

13        60.     Defendants knew and intended that Budeprion XL would be prescribed or substituted

14   for or would be used to fill prescriptions of Wellbutrin XL or extended release bupropion

15   hydrochloride without the knowledge as to the potential health hazards ever made to the treating

16   physicians, Plaintiff, or Class Members.

17        61.     When Plaintiff used and/or purchased Defendants' product, Plaintiff did not know of

18   the substantial dangers of using Budeprion XL because such dangers were not readily recognizable

19   by such lay persons, and they were not so informed by their doctors or doctors advising third party

20   payers.

21        62.     If Plaintiff had known that Budeprion XL presented significantly decreased

22   effectiveness and increased risk when compared to Wellbutrin XL or other generic alternatives,

23   Plaintiff would not have purchased Budeprion XL.   As such, the misrepresentation and/or

24   concealment by Defendants was material. Furthermore, through their intentional misrepresentation

25   and/or concealment of the material facts alleged above, Defendants sold a significant amount of

26   Budeprion XL to Plaintiff and Members of the Class.

27

28

CLASS ACTION COMPLAINT

Milstein, Adelman & Kreger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

63.     Before Defendants began selling Budeprion XL, Defendants were aware that individuals, such as Plaintiff, would ingest Budeprion XL without sufficient and/or any knowledge or information indicating that Budeprion XL presented significantly decreased effectiveness and increased risk when compared to Wellbutrin XL or other generic alternatives. Defendants further knew that such persons as Plaintiff would assume when ingesting (and/or reimbursing others for the purchase of) Budeprion XL that it was as safe and effective as Wellbutrin XL, which was not true.

64.     With such knowledge, Defendants intentionally opted to manufacture, distribute, offer for sale, supply, sell, market, warrant, re brand, manufacture for others, and advertise Budeprion XL as interchangeable with Wellbutrin XL without attempting to warn or protect Plaintiff that the product presents a significantly increased rate of side effects, as alleged herein. Defendants intentionally failed to reveal their knowledge of said risks and further implied to Plaintiff and Members of the Class was an equivalent and less expensive version of Wellbutrin XL. Thereby, Defendants induced Plaintiff to use Budeprion XL.

65.     Plaintiffs' and their physicians relied upon Defendants' intentional misrepresentations and lack of warnings regarding the use of Budeprion XL (as compared to Wellbutrin XL and other non-Budeprion XL generic alternatives). As a direct, foreseeable and proximate result thereof, Plaintiffs and Members of the Class have been damaged as alleged herein.

66.     Furthermore, in the face of a duty to so disclose and warn, Defendants have failed, and continue to fail, and refuse to warn the medical profession in general and Plaintiff's physicians in particular, along with the Budeprion XL patient population in general and the Plaintiff / Class Members in particular, as to the known dangers of Budeprion XL.

67.     Defendants' acts, as alleged herein, constitute unconscionable, fraudulent, deceptive, and unfair business practices. These acts also constitute the knowing concealment, suppression and omission of material facts with regard to safety defects and latent hazards. These facts are facts the Defendants' were required by law to disclose to the medical profession in general and Plaintiff's physicians in particular, along with the Budeprion XL patient population in general and the Plaintiff in particular, including Plaintiff and Members of the Class.

CLASS ACTION COMPLAINT

Milstein, Adelman & Kreger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

68.     Accordingly, Defendants, and each of them, have violated and continue to violate California Business & Professions Code §17200's proscription against engaging in unlawful, unfair, and deceptive business practices and are liable for restitution for their conduct. Defendants, and each of them, must be enjoined from further engaging in these practices as more fully set forth below.

67.     By committing the acts alleged above, Defendants, and each of them, have acted unfairly and deceptively, and have engaged in an unlawful business practice within Business & Professions Code § 17200.

68.     An action for injunctive relief and restitution under the Unfair Competition Act is specifically authorized by Business & Professions Code § 17203.

69.     Continuing commission by Defendants, and each of them, of the acts alleged above will irreparably harm Plaintiff and the citizens of the State of California, for which harm they have no plain, speedy or adequate remedy at law.

70.     By reason of the foregoing, Plaintiffs and Members of Plaintiffs' Class are entitled to recover from Defendants, and in such an amount as may be shown by the evidence and determined by the trier of fact.

Plaintiffs pray judgment against Defendants, and each of them, as set forth herein below.

## SECOND CAUSE OF ACTION

### (Violations of the Unfair Business Practices Act - Untrue and Misleading Advertising as against Defendants)

71.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs, as if fully set forth herein.

72.     Plaintiff brings this claim under the Unfair Competition Act (Section 17200 et seq. of the Cal. Bus. & Prof. Code), individually and on behalf of the Class of individuals and entities that purchased Budeprion XL, predicated upon violations of the Unfair Business Practices Act (Sections 17500 and 17508 of the Cal. Bus. & Prof. Code).

73.     California Business & Professions Code § 17200 provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice." Additionally,

CLASS ACTION COMPLAINT

Milstein, Adelman & Kreger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1    § 17500 provides that it is unlawful for any person or corporation, or any employee thereof "with

2    intent directly or indirectly to dispose of real or personal property ... or to induce the public to enter

3    into any obligation relating thereto, to make or disseminate or cause to be made or disseminated

4    before the public in this state, or to make or disseminate or cause to be made or disseminated from

5    this state before the public in any state, in any newspaper or other publication, or any advertising

6    device, or by public outcry or proclamation, or in any other manner or means whatever, including

7    over the Internet, any statement, concerning that real or personal property ... , or concerning any

8    circumstance or matter of fact connected with the proposed performance or disposition thereof,

9    which is untrue or misleading, and which is known, or which by the exercise of reasonable care

10   should be known, to be untrue or misleading ..."

11          74.     California Business & Profession Code § 17508(a) provides that "[i]t shall be

12   unlawful for any person doing business in California and advertising to consumers in California to

13   make any false or misleading advertising claim, including claims that (1) purport to be based on

14   factual, objective, or clinical evidence, that (2) compare the product's effectiveness or safety to that

15   of other brands or products, or that (3) purport to be based on any fact."

16          75.     In the face of a duty to so disclose and warn, Defendants have failed, and continue to

17   fail, and refuse to warn the medical profession in general and  Plaintiff's physicians in particular,

18   along with the Budeprion XL patient population in general and the  Plaintiff / Class Members in

19   particular, as to the known dangers of Budeprion XL.

20          76.     As noted herein, through their advertising and marketing practices, Defendants

21   disseminated information and made statements which were intentionally false.  Among these were

22   their claims that Budeprion XL was as effective as and presented no additional risks than did

23   Wellbutrin XL and other generic alternatives, which is patently false.

24          77.     Additionally, Plaintiffs are informed and believe, and based on said information and

25   belief, allege that in such statements, Defendants were comparing the safety of Budeprion XL with

26   Wellbutrin CL, and in fact, explicitly and impliedly made representations that Budeprion XL was at

27   least as safe as Wellbutrin CL.  Clearly, such comparisons were false and misleading advertising

28

claims as Defendants' product has been shown to be more dangerous than Wellbutrin XL, or other bupropion hydrochloride generic alternatives.

78.    The conduct alleged herein above constitutes dissemination of untrue and misleading statements.  Defendants, and each of them, knew or in the exercise of reasonable care should have known that these statements were untrue and misleading.  As such, Defendants, and each of them, have engaged in conduct that violates California Business & Professions Code §§ 17500 and 17508.

79.    Accordingly, Defendants, and each of them, have violated and continue to violate California Business & Professions Code § 17200's proscription against engaging in unlawful, unfair, and deceptive business practices and are liable for restitution and penalties for their conduct and for damages suffered by Plaintiff and other Class Members. Defendants, and each of them, must be enjoined from further engaging in these practices as more fully set forth below.

80.    By committing the acts alleged above, Defendants, and each of them, have acted unfairly and deceptively, and have engaged in an unlawful business practice within Business & Professions Code § 17200.

81.    An action for injunctive relief and restitution under the Unfair Competition Act is specifically authorized by Business & Professions Code § 17203.

82.    Continuing commission by Defendants, and each of them, of the acts alleged above will irreparably harm Plaintiff and the citizens of the State of California, for which harm they have no plain, speedy or adequate remedy at law.

83.    By reason of the foregoing, Plaintiffs and Members of the Class are entitled to recover from Defendants, and in such an amount as may be shown by the evidence and determined by the trier of fact.

Plaintiff prays judgment against Defendants, and each of them, as set forth herein below.

### THIRD CAUSE OF ACTION

### (Violations of the California Consumer Legal Remedies Act as against Defendants)

84.    Plaintiffs repeat and re-allege the allegations contained in the preceding paragraph, as if fully set forth herein.

Milstein, Adelman & Kreger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

CLASS ACTION COMPLAINT

85.   Plaintiff brings this claim under the California Consumer Legal Remedies Act, Section 1750 et seq. of the California Civil Code, on behalf of herself and the Class, who were subject to Defendants' above-described unfair and deceptive conduct.

86.   Budeprion XL, as described above, was bought by Plaintiff and by other consumers similarly situated.

87.   Defendants' above-described conduct constituted the following practices proscribed by Section §1770 of the California Civil Code:

    (a)   By representing that Budeprion XL was equivalent to Wellbutrin XL and other generic alternatives, Defendants were "passing off goods or services as those of another";

    (b)   By representing that Budeprion XL was as effective as and presented no additional risks than did Wellbutrin XL and other generic alternatives, Defendants were "representing that goods have characteristics, ingredients, uses, benefits, or quantities which they do not have";

    (c)   By representing that Budeprion XL was as effective as and presented no additional risks than did Wellbutrin XL and other generic alternatives, Defendants were "representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another"; and

    (d)   By representing that Budeprion XL was as effective as and presented no additional risks than did Wellbutrin XL and other generic alternatives, Defendants were "advertising goods or services with intent not to sell them as advertised."

88.   At this time, Plaintiff seeks injunctive only.

89.   As a direct and proximate result of Defendant's unlawful, unfair, and deceptive business practices, Plaintiff and the Class have been damaged in an amount to de determined at trial..

Milstein, Adelman & Kreger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

CLASS ACTION COMPLAINT

1    Plaintiff prays judgment against Defendants, and each of them, as set forth herein below.

2                                **FOURTH CAUSE OF ACTION**

3                              **(Negligence as against Defendants)**

4              90.    Plaintiffs repeat and re-allege the allegations contained in the preceding paragraphs,

5    as if fully set forth herein.

6              91.    Defendants had a duty to Plaintiff and the Class to disclose and warn of Budeprion

7    XL's potential to be less effective and more risk than Wellbutrin XL or other generic alternatives.

8              92.    In the face of a duty to so disclose and warn, Defendants have failed, and continue to

9    fail, and refuse to warn the medical profession in general and  Plaintiff's physicians in particular,

10   along with the Budeprion XL patient population in general and the  Plaintiffs / Class Members in

11   particular, as to the known dangers of Budeprion XL.

12             93.    As a direct, foreseeable and proximate result of Defendant's breach, Plaintiff and

13   Members of the Class have suffered damages

14             94.    By reason of the foregoing, Plaintiff and Members of the Class are entitled to recover

15   from Defendants, and in such an amount as may be shown by the evidence and determined by the

16   trier of fact.

17             Plaintiff prays judgment against Defendants, and each of them, as set forth herein below.

18                                **FIFTH CAUSE OF ACTION**

19                          **(Constructive Fraud as against Defendants)**

20             95.    Plaintiffs repeat and re-allege the allegations contained in the preceding paragraphs,

21   as if fully set forth herein.

22             96.    Plaintiffs bring a claim for constructive fraud (Section 1573 of the Cal. Civ. Code),

23   individually and on behalf of the Class of individuals and entities that purchased Budeprion XL,

24   based upon Defendants' pattern of unlawful, unfair and fraudulent business practices, as alleged

25   above.

26

27

28

Milstein, Adelman & Kreger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

CLASS ACTION COMPLAINT

97.     Defendants' acts, as alleged herein, constitute unconscionable, fraudulent, deceptive, and unfair business practices. These acts also constitute the concealment, suppression and omission of material facts, whether knowing or not, with regard to safety defects and latent hazards.

98.     By reason of the foregoing, Plaintiff and Members of the Class are entitled to recover from Defendants, and in such an amount as may be shown by the evidence and determined by the trier of fact.

Plaintiff prays judgment against Defendants, and each of them, as set forth herein below.

## NEED FOR INJUNCTIVE RELIEF

99.     By committing the acts alleged herein, Defendants, and each of them, have caused irreparable harm for which there is no plain, speedy or adequate remedy at law. In the absence of equitable relief, due to the defective condition of Budeprion XL, Plaintiff, Members of the Plaintiffs' Class, and the general public arc in substantial risk of harm, including but not limited to risk of personal injuries and death.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants as follows:

(a)     A temporary, preliminary and/or permanent injunction enjoining the above-described wrongful acts and practices of Defendants;

(b)     Determining that this action is a proper class action maintainable under section 382 of the California Code of Civil Procedure certifying an appropriate Plaintiff Class; certifying Plaintiffs as Class representatives; and appointing Plaintiffs' counsel as counsel for the Class;

(c)     That Defendants be required to make restitution to each Plaintiff and Class Member of any and all money or property paid by that Plaintiff and Class Member for the purchase or reimbursement of purchase for Budeprion XL;

Milstein, Adelman & Kreger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

17                                    CLASS ACTION COMPLAINT

1    (d)    For a determination by the Court of the most suitable mode by which Class Members

2            are to come forward, identify themselves, and prove their entitlement to share in the

3            total sum awarded by the Court for actual, statutory and punitive damages;

4    (e)    Awarding Plaintiff and the Class their reasonable attorneys' fees;

5    (f)    Awarding Plaintiff and the Class pre-judgment and post-judgment interest as

6            provided by law;

7    (g)    Awarding Plaintiff and the Class their costs of suit herein incurred; and

8    (h)    Awarding Plaintiff and the Class such other and further relief, including equitable

9            relief, as may be just and proper.

10

11    DATED: May 29, 2009                 MILSTEIN, ADELMAN & KREGER, LLP
                                          WAYNE S. KREGER

12                                        GILLIAN L. WADE

13

14                               By: _____

15                                    Wayne S. Kreger

16

17

18

19

20

21

22

23

24

25

26

27

28

*Milstein, Adelman & Kreger LLP*
*2800 Donald Douglas Loop North*
*Santa Monica, California 90405*

18                                CLASS ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiffs demand a trial by jury of all triable issues herein.

3

4  DATED:  May 29, 2009                MILSTEIN, ADELMAN & KREGER, LLP
                                       WAYNE S. KREGER
5                                      GILLIAN L. WADE

6

7                                      By: _____
                                              Wayne S. Kreger
8

9

10

11

Milstein, Adelman & Kreger LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19                                     CLASS ACTION COMPLAINT

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TEVA PHARMACEUTICALS INDUSTRIES LTD, an Israel Business
Entity, TEVA PHARMACEUTICALS USA, INC., a Delaware
Corporation, (Additional Parties Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LAURA KELLY, individually and on behalf of all others similarly
situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 29 2009

John A. Clarke Executive Officer/Clerk
By_____, Deputy
SHAUNYA WESLEY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles, Central District
Stanley Mosk Courthouse
111 N. Hill Street, Los Angeles, CA 90012-3014

**CASE NUMBER:**
*(Número del Caso):*
BC414812

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Wayne S. Kreger (SBN 154759)   MILSTEIN, ADELMAN & KREGER, LLP   (310) 396-9600
2800 Donald Douglas Loop N, Santa Monica, CA 90405

DATE:                    MAY 29 2009        Clerk, by  S. WESLEY , Deputy
*(Fecha)*                                   *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐  as an individual defendant.
2. ☐  as the person sued under the fictitious name of *(specify):*

3. ☐  on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐  by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| KELLY v. TEVA PHARMACEUTICALS INDUSTRIES LTD, et al. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

TEVA PARENTERAL MEDICINES INC., a Delaware Corporation, IMPAX LABORATORIES, INC., a Delaware Corporation, ANCHEN PHARMACEUTICALS, INC., a California Corporation, and DOES 1-500, inclusive.

Page  1  of  1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE:<br>KELLY v. TEVA PHARMACEUTICALS INDUSTRIES LTD., et al. | CASE NUMBER<br>BC414812 |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7   ☐ HOURS/ ☑ DAYS

**Item II.** Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
| --- |
| 1. Class Actions must be filed in the County Courthouse, Central District. |
| 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage). |
| 3. Location where cause of action arose. |
| 4. Location where bodily injury, death or damage occurred. |
| 5. Location where performance required or defendant resides. |
| 6. Location of property or permanently garaged vehicle. |
| 7. Location where petitioner resides. |
| 8. Location wherein defendant/respondent functions wholly. |
| 9. Location where one or more of the parties reside. |
| 10. Location of Labor Commissioner Office. |

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

| LACIV 109  (Rev. 01/07)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 1 of 4 |
| --- | --- | --- |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| KELLY v. TEVA PHARMACEUTICALS INDUSTRIES LTD, et al. | |

| **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017   Legal Malpractice<br>☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination (36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024   Other Employment Complaint Case<br>☐ A6109   Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019   Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff<br>☐ A6012   Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009   Contractual Fraud<br>☐ A6031   Tortious Interference<br>☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018   Mortgage Foreclosure<br>☐ A6032   Quiet Title<br>☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin (rotated):
- Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)
- Employment
- Contract
- Real Property
- Judicial Review   Unlawful Detainer

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| KELLY v. TEVA PHARMACEUTICALS INDUSTRIES LTD, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont d.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>KELLY v. TEVA PHARMACEUTICALS INDUSTRIES LTD, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>2600 Canada Boulevard | |
|---|---|---|
| CITY:<br>Glendale | STATE:<br>CA | ZIP CODE:<br>91208 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: May 29, 2009

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

1   **MILSTEIN, ADELMAN & KREGER, LLP**
Wayne S. Kreger, State Bar No. 154759
2   wkreger@maklawyers.com
Gillian L. Wade, State Bar No. 229124
3   gwade@maklawyers.com
2800 Donald Douglas Loop North
4   Santa Monica, California 90405
Telephone: (310) 396-9600
5   Fax: (310) 396-9635

6   **KANNER & WHITELEY, L.L.C.**
Allan Kanner, Esq. (CA Bar No. 109512)
7   Conlee S. Whiteley, Esq. (LA Bar No. 22678)
c.whiteley@kanner-law.com
8   M. Ryan Casey (LA Bar No. 31092)
701 Camp Street
9   New Orleans, LA 70130
Telephone (504) 524-5777
10  Facsimile (504) 524-5763

11  Attorneys for Plaintiffs,
Laura Kelly and the Proposed Class

12

13           **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

14               **FOR THE COUNTY OF LOS ANGELES**

15
    LAURA KELLY, individually and on behalf of all   )   CASE NO.:
16  others similarly situated,                        )
                                                      )   **BC414812**
17                            Plaintiff,              )
                                                      )   CLASS ACTION
18          vs.                                        )
                                                      )   DECLARATION OF WAYNE S. KREGER
19  TEVA PHARMACEUTICALS                               )   REGARDING VENUE [CAL. CIVIL CODE §
    INDUSTRIES LTD, an Israel Business Entity,        )   1780(d)]
20  TEVA PHARMACEUTICALS U.S.A., INC., a              )
    Delaware Corporation, TEVA PARENTERAL            )
21  MEDICINES INC., a Delaware Corporation,           )
    IMPAX LABORATORIES, INC., a Delaware              )
22  Corporation, ANCHEN PHARMACEUTICALS,              )
    INC., a California Corporation and DOES 1-500,    )
23  inclusive,                                         )
                                                      )
24                            Defendants.             )
                                                      )
25
26
27
28
                          DECLARATION OF WAYNE S. KREGER RE: VENUE

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 29 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
      SHAUNYA WESLEY

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

## DECLARATION OF WAYNE S. KREGER

I, Wayne S. Kreger, do hereby declare and state as follows:

1.      I am an attorney at the Law Offices of Milstein, Adelman & Kreger LLP, counsel of record for Plaintiff Laura Kelley and am licensed to practice before all courts in the State of California and United States District Court, Central District of California.  I have personal knowledge of all of the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2.      This Court is proper for trial of this action because Defendants are doing business in Los Angeles County, California.

I declare and state under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.   Executed on May 29, 2009 at Santa Monica, California.

Wayne S. Kreger, Declarant

1          DECLARATION OF WAYNE S. KREGER RE: VENUE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 06/12/09 | | DEPT. 311 |
|---|---|---|
| HONORABLE CARL J. WEST | JUDGE R. RULLY | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff NONE | Reporter |

| 8:30 am | BC414812 | Plaintiff Counsel | |
|---|---|---|---|
| | LAURA KELLY | | NO APPEARANCES |
| | VS | Defendant Counsel | |
| | TEVA PHARMACEUTICALS INDUSTRIES LTD ET AL | | |
| | NON-COMPLEX (06-12-09) | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Robert L. Hess in Department 24 at Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 24 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 311 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 311 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

Page    1 of    2    DEPT. 311

MINUTES ENTERED
06/12/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/12/09

DEPT. 311

HONORABLE CARL J. WEST                JUDGE   R. RULLY                DEPUTY CLERK

HONORABLE                       JUDGE PRO TEM                ELECTRONIC RECORDING MONITOR

NONE                       Deputy Sheriff   NONE                       Reporter

8:30 am   BC414812

LAURA KELLY                       Plaintiff Counsel
VS                                        NO APPEARANCES
TEVA PHARMACEUTICALS INDUSTRIES    Defendant Counsel
 LTD ET AL

NON-COMPLEX (06-12-09)

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
06-15-09 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 06-15-09

John A. Clarke, Executive Officer/Clerk

By: _____**KIN HILAIRE**_____
              K. HILAIRE


MILSTEIN, ADELMAN & KREGER, LLP
Wayne S. Kreger, Esq.
2800 Donald Douglas Loop North
Santa Monica, California  90405

Page   2 of 2   DEPT. 311

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE
### [CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Pay Panel or may hire someone privately, at their discretion.  If the parties utilize the Pro Bono Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Pay Panel**   The Party Pay Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases.  The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Pro Bono Panel**   The Pro Bono Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system.  It is the policy of the Court that all pro bono volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral**   The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | TELEPHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA  93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA  91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA  90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA  91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA  90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA  90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA  91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA  91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA  90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA  90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA  90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA  90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA  91401 | (818)374-2337 | (818)902-2440 |

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

CC 'Y

1   MILSTEIN, ADELMAN & KREGER, LLP
2   Wayne S. Kreger, State Bar No. 154759
    wkreger@maklawyers.com
3   Gillian L. Wade, State Bar No. 229124
    gwade@maklawyers.com
4   2800 Donald Douglas Loop North
    Santa Monica, California 90405
5   Telephone: (310) 396-9600
6   Fax: (310) 396-9635

7   KANNER & WHITELEY, L.L.C.
8   Allan Kanner, Esq. (CA Bar No. 109512)
    Conlee S. Whiteley, Esq. (LA Bar No. 22678)
9   c.whiteley@kanner-law.com
    M. Ryan Casey (LA Bar No. 31092)
10  701 Camp Street
    New Orleans, LA 70130
11  Telephone (504) 524-5777
12  Facsimile (504) 524-5763

13  Attorneys for Plaintiffs,
14  Laura Kelly and the Proposed Class

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 1 9 2009

John A. Clarke, Executive Officer/Cle

GLORIETTA ROBINSON           Deput

15              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

16                  FOR THE COUNTY OF LOS ANGELES

17  LAURA KELLY, individually and on behalf of all      )   CASE NO.: BC414812
18  others similarly situated,                          )
                                                        )   CLASS ACTION
19              Plaintiff,                               )
                                                        )   NOTICE OF PEREMPTORY
20      vs.                                              )   CHALLENGE [CCP SECTION 170.6];
                                                        )   DECLARATION OF WAYNE S. KREGER
21                                                      )
22  TEVA PHARMACEUTICALS                                )
    INDUSTRIES LTD, an Israel Business Entity,          )
23  TEVA PHARMACEUTICALS USA, INC., a                   )
    Delaware Corporation, TEVA PARENTERAL               )
24  MEDICINES INC., a Delaware Corporation,             )
    IMPAX LABORATORIES, INC., a Delaware                )
25  Corporation, ANCHEN PHARMACEUTICALS,                )
    INC., a California Corporation and DOES 1-500,      )
26  inclusive,                                          )
                                                        )
27              Defendants.                             )
28  _____            )

                                    1
NOTICE OF PEREMPTORY CHALLENGE [CCP SECTION 170.6]; DECLARATION OF WAYNE S. KREGER

MILSTEIN, ADELMAN & KREGER, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1   TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2   NOTICE IS HEREBY GIVEN THAT, pursuant to Code of Civil Procedure § 170.6,

3   Plaintiff LAURA KELLY, hereby challenges the appointment of Judge Robert L. Hess of

4   Department 24 as the Judge for all purposes in this case.

5   This peremptory challenge is based on this notice and the attached Declaration of

6   Wayne S. Kreger, attorney of record for the Plaintiffs.

7

8

9   DATED:        June 19, 2009             MILSTEIN, ADELMAN & KREGER, LLP

10

11

12                                          _____

13                                          WAYNE S. KREGER
                                            GILLIAN L. WADE
14                                          Attorneys for Plaintiff,
                                            Laura Kelly
15

16

17

18

19

20

21

22

23

24

25

26

27

28

*MILSTEIN, ADELMAN & KREGER, LLP*
*2800 Donald Douglas Loop North*
*Santa Monica, CA 90405*

2

## DECLARATION OF WAYNE S. KREGER

I, Wayne S. Kreger, declare as follows:

1.     I am an attorney at law licensed to practice before all courts in the State of California, and am a partner of the law offices of Milstein, Adelman & Kreger, LLP, attorneys of record for Plaintiff Laura Kelly.  I have personal knowledge of all of the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2.     That Judge Robert L. Hess, before whom this case will be tried is prejudiced against the interests of Plaintiffs.

3.     Based on this prejudice, I do not believe that Plaintiffs can receive a fair and impartial trial before Judge Hess.

4.     Notice of Reassignment of this case to Judge Hess was served on above attorneys of record for Plaintiffs by the court on June 18, 2009.  Attached hereto as Exhibit "A" is a true and correct copy of the Clerk's Certificate of Mailing / Notice of Entry of Order to counsel for Plaintiffs.

5.     I declare under penalty of perjury that the foregoing is true and correct.  Executed June 19, 2009, in Santa Monica, California.

WAYNE S. KREGER

MILSTEIN, ADELMAN & KREGER, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

3

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/12/09

DEPT. 311

HONORABLE CARL J. WEST                    JUDGE   R. RULLY          DEPUTY CLERK

HONORABLE                         JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR

         NONE                Deputy Sheriff   NONE                    Reporter

8:30 am   BC414812

LAURA KELLY
VS
TEVA PHARMACEUTICALS INDUSTRIES
 LTD ET AL

NON-COMPLEX (06-12-09)

Plaintiff
Counsel
                        NO APPEARANCES
Defendant
Counsel

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Robert L. Hess in Department 24 at Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 24 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 311 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 311 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

                CLERK'S CERTIFICATE OF MAILING/
                  NOTICE OF ENTRY OF ORDER

              Page   1 of  2   DEPT. 311

**MINUTES ENTERED**
06/12/09
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/12/09

HONORABLE CARL J. WEST         JUDGE   R. RULLY

HONORABLE             JUDGE PRO TEM

DEPT. 311

DEPUTY CLERK

ELECTRONIC RECORDING MONIT

    NONE          Deputy Sheriff   NONE          Reporter

8:30 am   BC414812

LAURA KELLY
VS
TEVA PHARMACEUTICALS INDUSTRIES
  LTD ET AL

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

NON-COMPLEX (06-12-09)

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
06-15-09 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 06-15-09

John A. Clarke, Executive Officer/Clerk

By:     **KIN HILAIRE**
        K. HILAIRE

MILSTEIN, ADELMAN & KREGER, LLP
Wayne S. Kreger, Esq.
2800 Donald Douglas Loop North
Santa Monica, California  90405

Page    2 of 2    DEPT. 311

MINUTES ENTERED
06/12/09
COUNTY CLERK

1   **MILSTEIN, ADELMAN & KREGER, LLP**
2   Wayne S. Kreger, State Bar No. 154759
    wkreger@maklawyers.com
3   Gillian L. Wade, State Bar No. 229124
    gwade@maklawyers.com
4   2800 Donald Douglas Loop North
    Santa Monica, California 90405
5   Telephone: (310) 396-9600
    Fax: (310) 396-9635
6
    **KANNER & WHITELEY, L.L.C.**
7   Allan Kanner, Esq. (CA Bar No. 109512)
    Conlee S. Whiteley, Esq. (LA Bar No. 22678)
8   c.whiteley@kanner-law.com
    M. Ryan Casey (LA Bar No. 31092)
9   701 Camp Street
    New Orleans, LA 70130
10  Telephone (504) 524-5777
    Facsimile (504) 524-5763
11
    Attorneys for Plaintiffs,
12  Laura Kelly and the Proposed Class

13          **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

14              **FOR THE COUNTY OF LOS ANGELES**

15  LAURA KELLY, individually and on behalf of all )   CASE NO.: BC414812
    others similarly situated,                     )
16                                                 )   CLASS ACTION
                                                   )
17               Plaintiff,                        )   **NOTICE OF CASE MANAGEMENT**
                                                   )   **CONFERENCE**
18       vs.                                       )
                                                   )
19  TEVA PHARMACEUTICALS                           )
    INDUSTRIES LTD, an Israel Business Entity,     )   Date:    September 24, 2009
20  TEVA PHARMACEUTICALS USA, INC., a              )   Time:    8:45 am
    Delaware Corporation, TEVA PARENTERAL          )   Dept:    14
21  MEDICINES INC.,  a Delaware Corporation,       )
    IMPAX LABORATORIES, INC., a Delaware           )
22  Corporation, ANCHEN PHARMACEUTICALS,           )
    INC., a California Corporation and DOES 1-500, )
23  inclusive,                                     )
                                                   )
24               Defendants.                       )
                                                   )
25
26
27
28

                                    1

                                    NOTICE OF CASE MANAGEMENT CONFERENCE

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1    PLEASE TAKE NOTICE THAT the Court has set a Case Management Conference in the

2  above-entitled action to be held on September 24, 2009 at 8:45 am in Department 14 of the above-

3  entitled Court, located at 111 North Hill Street, Los Angeles, California, 90012.

4    Plaintiff is ordered to give notice.  Attached hereto as Exhibit A is a true and correct copy of

5  the Court's Notice of Case Management Conference and Order.

6

7

8  DATE: July 9, 2009                          **MILSTEIN, ADELMAN & KREGER, LLP**

9

10

     By:     Wayne S. Kreger
11             Gillian L. Wade
             Attorneys for Plaintiff LAURA KELLY, on
12             Behalf of Herself and All Others Similarly
             Situated
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF CASE MANAGEMENT CONFERENCE

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

# EXHIBIT A

# ORIGINAL FILED

NOTICE SENT TO:

Kreger, Wayne S., Esq.
Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loope North
Santa Monica          CA   90405

FILE STAMP

JUL 0 7 2009

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| LAURA KELLY | | **CASE NUMBER** |
| | Plaintiff(s), | BC414812 |
| VS. | | |
| TEVA PHARMACEUTICALS INDUSTRIES LTD ET | Defendant(s), | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for September 24, 2009 at 8:45 am in Dept. 14 at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: July 7, 2009

TERRY A. GREEN, JUDGE

Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ✓ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[   ] by personally giving the party notice upon filing the complaint.

Date: July 7, 2009

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

P. CORTEZ

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

PROOF OF SERVICE
LAURA KELLY v. TEVA PHARMACEUTICALS INDUSTRIES, LTD., et al.
Case No. BC414812
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of CALIFORNIA. I am over the age of 18 and not a party to within action; my business address is **2800 Donald Douglas Loop North, Santa Monica, California 90405.**

On July 9, 2009, I served the foregoing document described as:

***NOTICE OF CASE MANAGEMENT CONFERENCE***

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Robert Boldt, Esq.<br>KIRKLAND & ELLIS LLP<br>777 S. Figueroa St.<br>Los Angeles, CA 90017<br><br>*Counsel for TEVA Pharmaceuticals Industries, Ltd., TEVA Pharmaceuticals USA, Inc., and TEVA Parenteral Medicines, Inc.* | Paula L. Blizzard, Esq.<br>KEKER & VAN NEST<br>710 Sansome Street<br>San Francisco, CA 94111<br><br>*Counsel for Impax Laboratories, Inc.* |
| Kurt Mathas<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601-9703<br><br>*Counsel for Anchen Pharmaceuticals, Inc.* | TEVA Pharmaceuticals Industries, Ltd.<br>5 Basel Street<br>Petach Tivika 49131<br>ISRAEL |
| Allan Kanner, Esq.<br>Conlee S. Whiteley, Esq.<br>M. Ryan Casey, Esq.<br>KANNER & WHITELEY LLC<br>701 Camp Street<br>New Orleans, LA 70130<br><br>*Co-Counsel for Laura Kelly* | |

xxxx   (BY US MAIL)  I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail at Santa Monica, California.

Executed on July 9, 2009 at **Santa Monica, California.**

xxxx   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

1

1   ------   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at
        whose direction the service was made.

2

3

4

                                              Drew Aresca

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MILSTEIN, ADELMAN & KREGER, LLP**
Wayne S. Kreger, State Bar No. 154759
wkreger@maklawyers.com
Gillian L. Wade, State Bar No. 229124
gwade@maklawyers.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635

**KANNER & WHITELEY, L.L.C.**
Allan Kanner, Esq. (CA Bar No. 109512)
Conlee S. Whiteley, Esq. (LA Bar No. 22678)
c.whiteley@kanner-law.com
M. Ryan Casey (LA Bar No. 31092)
701 Camp Street
New Orleans, LA 70130
Telephone (504) 524-5777
Facsimile (504) 524-5763

Attorneys for Plaintiffs,
Laura Kelly and the Proposed Class

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| LAURA KELLY, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>TEVA PHARMACEUTICALS INDUSTRIES LTD, an Israel Business Entity, TEVA PHARMACEUTICALS USA, INC., a Delaware Corporation, TEVA PARENTERAL MEDICINES INC., a Delaware Corporation, IMPAX LABORATORIES, INC., a Delaware Corporation, ANCHEN PHARMACEUTICALS, INC., a California Corporation and DOES 1-500, inclusive,<br><br>      Defendants. | CASE NO.: BC414812<br><br>CLASS ACTION<br><br>**NOTICE OF JUDICIAL REASSIGNMENT** |

*Milstein, Adelman & Kreger, LLP*
*2800 Donald Douglas Loop North*
*Santa Monica, California 90405*

1

1    PLEASE TAKE NOTICE THAT on July 6, 2009, pursuant to Section 170.6 CCP, the

2   Honorable Elihu M. Berle in Department 1 of the above-referenced Court reassigned the case Laura

3   Kelly v. TEVA Pharmaceuticals Industries Ltd., et al. (Case No. BC414812) from Judge Robert L.

4   Hess in Department 24 to Judge Terry A. Green in Department 14.

5

6    Attached hereto as Exhibit A is the Court's Entry of Order regarding the 170.6 CCP Re-

7   Assignment.

8

9   DATE:  July 9, 2009          **MILSTEIN, ADELMAN & KREGER, LLP**

10

11                                        By:    Wayne S. Kreger
                                                 Gillian L. Wade
12                                               Attorneys for Plaintiff LAURA KELLY, on
                                                 Behalf of Herself and All Others Similarly
13                                               Situated

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Milstein, Adelman & Kreger, LLP*
*2800 Donald Douglas Loop North*
*Santa Monica, California 90405*

2

NOTICE OF JUDICIAL REASSIGNMENT

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 07/06/09 | | DEPT. 1 |
| HONORABLE  ELIHU M. BERLE          JUDGE | M. GODDERZ | DEPUTY CLERK |
| HONORABLE<br>9.          JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 2:00 pm | BC414812 | Plaintiff<br>Counsel | NO APPEARANCES |
| | LAURA KELLY | | |
| | VS | Defendant<br>Counsel | |
| | TEVA PHARMACEUTICALS INDUSTRIES<br>LTD ET AL<br>170.6 Judge Hess--Pltf | | |

**NATURE OF PROCEEDINGS:**

170.6 CCP RE-ASSIGNMENT

Good cause appearing and on order of the Court, the
above matter is reassigned from Department 24, Judge
Robert L. Hess to Department 14, Judge Terry A. Green
for all further proceedings.

If any appearing party has not yet exercised
a peremptory challenge under 170.6 CCP, peremptory
challenges by them to the newly assigned judge must be
timely filed within the 10 day period specified in
Section 170.6 CCP, with extensions of time pursuant
to CCP 1013 if service is by mail.  Previously non-
appearing parties, if any, have a 15-day statutory
period from first appearance to file a peremptory
challenge (68616(1) Govt. Code).

Moving party to give notice.

            CLERK'S CERTIFICATE OF MAILING/
               NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
7-6-2009  upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope

Page   1 of   2   DEPT. 1

| |
|---|
| MINUTES ENTERED<br>07/06/09<br>COUNTY CLERK |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/06/09

DEPT. 1

HONORABLE ELIHU M. BERLE          JUDGE   M. GODDERZ          DEPUTY CLERK

HONORABLE                         JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR
9.
                                  Deputy Sheriff   NONE          Reporter

---

2:00 pm  BC414812

LAURA KELLY

          VS

TEVA PHARMACEUTICALS INDUSTRIES
 LTD ET AL
170.6 Judge Hess--Pltf

Plaintiff    NO APPEARANCES
Counsel

Defendant
Counsel

---

**NATURE OF PROCEEDINGS:**

for each, addressed as shown below with the postage
thereon fully prepaid.

Date: July 6, 2009

John A. Clarke, Executive Officer/Clerk

By: _____

MILSTEIN, ADELMAN & KREGER
ATTN: Wayne S. Kreger
2800 Donald Douglas Loop N
Santa Monica, CA.      90405

Page   2 of   2   DEPT. 1

MINUTES ENTERED
07/06/09
COUNTY CLERK

PROOF OF SERVICE
LAURA KELLY v. TEVA PHARMACEUTICALS INDUSTRIES, LTD., et al.
Case No. BC414812
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of CALIFORNIA.  I am over the age of 18 and not a party to within action; my business address is **2800 Donald Douglas Loop North, Santa Monica, California 90405.**

On July 9, 2009, I served the foregoing document described as:

### *NOTICE OF JUDICIAL REASSIGNMENT*

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Robert Boldt, Esq.<br>KIRKLAND & ELLIS LLP<br>777 S. Figueroa St.<br>Los Angeles, CA 90017<br><br>*Counsel for TEVA Pharmaceuticals Industries, Ltd., TEVA Pharmaceuticals USA, Inc., and TEVA Parenteral Medicines, Inc.* | Paula L. Blizzard, Esq.<br>KEKER & VAN NEST<br>710 Sansome Street<br>San Francisco, CA 94111<br><br>*Counsel for Impax Laboratories, Inc.* |
| Kurt Mathas<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601-9703<br><br>*Counsel for Anchen Pharmaceuticals, Inc.* | TEVA Pharmaceuticals Industries, Ltd.<br>5 Basel Street<br>Petach Tivika 49131<br>ISRAEL |
| Allan Kanner, Esq.<br>Conlee S. Whiteley, Esq.<br>M. Ryan Casey, Esq.<br>KANNER & WHITELEY LLC<br>701 Camp Street<br>New Orleans, LA 70130<br><br>*Co-Counsel for Laura Kelly* | |

xxxx   (BY US MAIL)  I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail at Santa Monica, California.

Executed on July 9, 2009 at **Santa Monica, California.**

xxxx   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

1

------ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Drew Aresca

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV09- 5348 RSWL (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LAURA KELLY, Individually and on behalf of all other similarly situated,

**DEFENDANTS**
TEVA PHARMACEUTICAL INDUSTRIES, LTD., et al (see Attachment A).

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Wayne S. Kreger (SBN 154759);  wkreger@maklawyers.com
Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North, Santa Monica, CA  90405
T: 310-396-9600  F: 310-396-9635

Attorneys (If Known)
See Attachment A.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☑ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No       ☑ MONEY DEMANDED IN COMPLAINT: $ To be determined at Trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action Petition for Restitution and Injunctive Relief

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud [✓] | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | FORFEITURE / PENALTY | | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 610 Agriculture | | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Other Food & Drug | CIVIL RIGHTS | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**    Case Number: _____    **CV09-05348**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County - TEVA Parenteral Medicines Inc.<br>Orange County - IMPAX Laboratories, Inc. | Israel - TEVA Pharmaceuticals Industries, Ltd.<br>Alameda County, California - Anchen Pharmaceuticals, Inc.<br>Pennsylvania - TEVA Pharmaceuticals USA, Inc. |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _R.C.____   Date _7/22/09_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

*Kelly- vs. Teva Pharmaceuticals Industries, Ltd., et al.*

**ATTACHMENT A**

## I(a).  DEFENDANTS

TEVA PHARMACEUTICALS INDUSTRIES, LTD., an Israeli Corporation,
TEVA PHARMACEUTICALS USA, INC., a Delaware Corporation,
TEVA PARENTERAL MEDICINES INC., a Delaware Corporation,
IMPAX LABORATORIES, INC., a Delaware Corporation,
ANCHEN PHARMACEUTICALS, INC., a California Corporation

## I(b).  DEFENDANT ATTORNEYS

| | |
|---|---|
| C. Robert Boldt (State Bar No. 180136)<br>R.C. Harlan (State Bar No. 234279)<br>**Kirkland & Ellis LLP**<br>777 South Figueroa Street<br>Los Angeles, California  90017<br>Telephone:    (213) 680-8400<br>Facsimile:    (213) 680-8500<br>E-mail: robert.boldt@kirkland.com<br>E-mail: rc.harlan@kirland.com<br><br>*Attorneys for Defendants*<br>*TEVA PHARMACEUTICALS USA, INC., and*<br>*TEVA PARENTERAL MEDICINES INC.* | W. Gordon Dobie, Esq.<br>Kurt Mathas, Esq.<br>**Winston & Strawn LLP**<br>35 West Wacker Drive<br>Chicago, IL 60601-9703<br>Telephone:  312-558-5600<br>Facsimile:  312-558-5700<br>E-mail:  wdobie@winston.com<br>E-mail:  kmathas@winston.com<br><br>*Attorneys for Anchen Pharmaceuticals, Inc.* |
| Paula L. Blizzard, Esq.<br>**Keker & Van Nest**<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone:  415-391-5400<br>Facsimile:  415-397-7188<br>E-mail:  pblizzard@kvn.com<br><br>*Attorney for Impax Laboratories, Inc.* | |